___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

NOV 04 2008    RE

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

Summons Issued SEA 21623

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATIONAL RIFLE ASSOCIATION OF
AMERICA, INC.
11250 Waples Mill Rd.
Fairfax, VA 22030,

SECOND AMENDMENT FOUNDATION, INC.
12500 NE 10th Place
Bellevue, WA 98005,

ADRIAN J. COOMBES
1504 Hillside Dr. S.E.
Issaquah, WA 98027-4811,

ROELOF KROES
4208 255th Place S.E.
Issaquah, WA 98029, and

PHILIP GRADY
1520 Casino Road, Apt. F306
Everett, WA 98204-7953
                    Plaintiffs
    v.

STATE OF WASHINGTON
c/o Attorney General
800 5th Ave. Suite 2000
Seattle, WA 98104-3188

Civil Case No.: **C08-1613 RSM**

COMPLAINT

**08-CV-01613-CMP**

COMPLAINT — Page 1

ORIGINAL

tj310803 11/4/08

Stephen P. Halbrook
Attorney at Law
3925 Chain Bridge Road, Suite 403
Fairfax, VA 22030
Tel. (703) 352-7276 • Fax (703) 359-0938

1  LIZ LUCE, DIRECTOR
   Department of Licensing
2  State of Washington
   1125 Washington Street S.E.
3  Olympia, WA 98507, and

4
   PAUL D. AYERS, CHIEF OF POLICE
5  Issaquah Police Department
   130 E. Sunset Way
6  Issaquah, WA 98027-1307,

7                    Defendants.

**(For Declaratory Judgment and Injunctive Relief)**

1. This is an action to vindicate the rights of lawfully admitted resident aliens to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution, against denial of equal protection of the laws, and to the full and equal benefit of all laws and proceedings for the security of person and property as is enjoyed by citizens.

2. Plaintiff National Rifle Association of America, Inc. (hereafter "NRA") is a non-profit association incorporated under the laws of New York, with its principal place of business in Fairfax, Virginia. NRA has a membership of almost 4 million persons, including numerous members in the State of Washington, some of whom are lawful resident aliens. The purposes of NRA include protection of the right of citizens to have firearms for lawful defense, hunting, and sporting use, and to promote public safety. NRA brings this action on behalf of itself and its members.

3. Plaintiff Second Amendment Foundation, Inc. (hereafter "SAF"), is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington, some of whom are lawful resident aliens. SAF has over

COMPLAINT – Page 2

Stephen P. Halbrook
Attorney at Law
3925 Chain Bridge Road, Suite 403
Fairfax, VA 22030
Tel. (703) 352-7276 • Fax (703) 359-0938

tj310803 11/4/08

1  600,000 members and supporters nationwide, including thousands in the State of Washington.
2  The purposes of SAF include education, research, publishing and legal action focusing on the
3  Constitutional right privately to own and possess firearms. SAF brings this action on behalf
4  of itself and its members.

5      4. Plaintiff Adrian J. Coombes is a resident of Issaquah, Washington. A British
6  National, he holds a "green card," meaning that he is lawfully admitted into the United States
7  for permanent residence.

8      5. Plaintiff Roelof Kroes is a resident of Issaquah, Washington. A South African
9  National, he holds a "green card," meaning that he is lawfully admitted into the United States
10  for permanent residence.

11      6. Plaintiff Philip Grady is a resident of Everett, Washington. A British National, he
12  holds a "green card," meaning that he is lawfully admitted into the United States for
13  permanent residence.

14      7. Defendant State of Washington is a State in the United States, the principal place of
15  business of which is in Olympia, Washington.

16      8. Defendant Liz Luce is the Director, Department of Licensing, State of Washington,
17  whose principal place of business is in Olympia, Washington. Washington State law requires
18  the director of licensing to issue alien firearm licenses. She is being sued in her official
19  capacity.

20      9. Defendant Paul D. Ayers is the Chief of Police of the municipality of Issaquah
21  Washington, which is his principal place of business. Washington law requires the chief of
22
23

COMPLAINT – Page 3

Stephen P. Halbrook
Attorney at Law
3925 Chain Bridge Road, Suite 403
Fairfax, VA 22030
Tel. (703) 352-7276 • Fax (703) 359-0938

tj310803 11/4/08

police of a municipality or the sheriff of a county to issue licenses to carry concealed pistols. He is being sued in his official capacity.

### Jurisdiction

10. Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(3) in that this action seeks to redress the deprivation, under color of the laws, statute, ordinances, regulations, customs and usages of the State of Washington of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

11. This action seeks relief pursuant to 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. §§ 1981(a) and 1983. Venue lies in this district pursuant to 28 U.S.C. § 1391.

### Statutory Background

12. Washington State law makes it a crime for any non-citizen, including a lawful permanent resident, to possess a firearm without having obtained an alien firearm license. Revised Code of Washington ("RCW") § 9.41.170 provides in part:

> (1) It is a class C felony for any person who is not a citizen of the United States to carry or possess any firearm, without first having obtained an alien firearm license from the director of licensing. In order to be eligible for a license, an alien must provide proof that he or she is lawfully present in the United States, which the director of licensing shall verify through the appropriate authorities. Except as provided in subsection (2)(a) of this section, and subject to the additional requirements of subsection (2)(b) of this section, the director of licensing may issue an alien firearm license only upon receiving from the consul domiciled in this state representing the country of the alien, a certified copy of the alien's criminal history in the alien's country indicating the alien is not ineligible under RCW 9.41.040 to own, possess, or control a firearm, and the consul's attestation that the alien is a responsible person.
>
> (2)(a) Subject to the additional requirements of (b) of this subsection, the director of licensing may issue an alien firearm license without a certified copy of the alien's criminal history or the consul's attestation required by subsection (1) of this section, if the alien has been a resident of this state for at least two

Stephen P. Halbrook
Attorney at Law
3925 Chain Bridge Road, Suite 403
Fairfax, VA 22030
Tel. (703) 352-7276 • Fax (703) 359-0938

tj310803 11/4/08

> years and: (i) The alien is from a country without a consul domiciled within this state, or (ii) the consul has failed to provide, within ninety days after a request by the alien, the criminal history or attestation required by subsection (1) of this section.
>
> (b) Before issuing an alien firearm license under subsection (1) of this section or this subsection (2), the director of licensing shall ask the local law enforcement agency of the jurisdiction in which the alien resides to complete a background and fingerprint check to determine the alien's eligibility under RCW 9.41.040 to own, possess, or control a firearm. The law enforcement agency shall complete a background check within thirty days after the request.
> . . .
>
> (3) The alien firearm license shall be valid for five years from the date of issue so long as the alien is lawfully present in the United States. . . .

13. As provided by RCW § 9A.20.021, the maximum sentence for violation of the above is as follows: "For a class C felony, by confinement in a state correctional institution for five years, or by a fine in an amount fixed by the court of ten thousand dollars, or by both such confinement and fine."

14. In addition, Washington State law prohibits any person who is not a citizen, including a lawful permanent resident, from obtaining a license to carry a concealed pistol unless such person meets the requirements of RCW § 9.41.170. RCW § 9.41.070, provides in part:

> (1) The chief of police of a municipality or the sheriff of a county shall within thirty days after the filing of an application of any person, issue a license to such person to carry a pistol concealed on his or her person within this state for five years from date of issue, for the purposes of protection or while engaged in business, sport, or while traveling. . . .
>
> The applicant's constitutional right to bear arms shall not be denied, unless:
> (a) He or she is ineligible to possess a firearm under the provisions of RCW 9.41.040 or 9.41.045;[1] . . .

---

[1] These provisions prohibit firearm possession by persons convicted of serious offenses or who otherwise have firearm disabilities.

COMPLAINT – Page 5

Stephen P. Halbrook
Attorney at Law
3925 Chain Bridge Road, Suite 403
Fairfax, VA 22030
Tel. (703) 352-7276 • Fax (703) 359-0938

tj310803 11/4/08

(2) The issuing authority shall check with the national crime information center, the Washington state patrol electronic data base, the department of social and health services electronic data base, and with other agencies or resources as appropriate, to determine whether the applicant is ineligible under RCW 9.41.040 or 9.41.045 to possess a firearm and therefore ineligible for a concealed pistol license. . . .

(4) . . . A person who is not a citizen of the United States shall meet the additional requirements of RCW 9.41.170 and produce proof of compliance with RCW 9.41.170 upon application. . . .

(9) A licensee may renew a license if the licensee applies for renewal within ninety days before or after the expiration date of the license.

## Facts

15. Plaintiff Adrian J. Coombes has been a permanent resident alien in the United States for over ten years. He is married to a United States citizen. Coombes was issued an Alien Firearms License (AFL) and a Concealed Pistol License (CPL) in 1999 and has held such licenses since then. His current AFL expires on February 19, 2009. His current CPL, which was issued by and must be renewed by the Issaquah Police Department, expires on April 1, 2009. However, Defendant Chief of Police Paul D. Ayers will not renew the license without a valid AFL.

16. Coombes is employed in Service and Sales at Wade's Eastside Guns & Bellevue Range, Bellevue, WA. He will lose his job if he cannot get his licenses renewed. He also has a valuable firearm collection which he will lose if he cannot get his licenses renewed. He also participates in the shooting sports, including taking training in, teaching, and competing in handgun, rifle, and shotgun activities. He will be prohibited from such activities if he cannot get his licenses renewed.

Stephen P. Halbrook
Attorney at Law
3925 Chain Bridge Road, Suite 403
Fairfax, VA 22030
Tel. (703) 352-7276 • Fax (703) 359-0938

tj310803 11/4/08

17. Plaintiff Roelof Kroes became a resident of the United States with an L1-Visa in 2002, and has been a permanent resident alien in the United States since 2005. He was issued an Alien Firearms License in 2005, and this license expires on October 14, 2010. He has a Concealed Pistol License which was issued by and must be renewed by the Issaquah Police Department. It expires on March 8, 2011.

18. Kroes has a valuable firearm collection which he will lose if he cannot get his licenses renewed. He possesses firearms for hunting, self defense, and trap and skeet shooting, and will be prohibited from such activities if he cannot get his licenses renewed.

19. Plaintiff Philip Grady has been a permanent resident alien in the United States since 1999. He recently moved to the State of Washington. On two occasions during 2008, he sought to obtain an application for an Alien Firearms License (AFL), but was refused on the basis that the Director of Licensing is no longer issuing such licenses and the application forms were not available. He has a valuable firearm collection which he cannot lawfully possess in Washington unless he obtains an AFL.

20. Plaintiffs Coombes, Kroes, and Grady are members in good standing of Plaintiff NRA. There are a substantial number of other residents of the State of Washington who are members of Plaintiffs NRA and SAF who are lawful resident aliens, own firearms, and are required to have an alien firearm license.

21. Other than the citizenship requirement, plaintiffs fulfill all other requirements under Washington Law to possess firearms and to obtain a license to carry a concealed pistol. They also meet all requirements under the laws of the United States to possess firearms.

COMPLAINT – Page 7

tj310803 11/4/08

Stephen P. Halbrook
Attorney at Law
3925 Chain Bridge Road, Suite 403
Fairfax, VA 22030
Tel. (703) 352-7276 • Fax (703) 359-0938

22. The Department of Licensing (DOL) no longer will issue an alien firearm license pursuant to RCW § 9.41.170 or a license to carry a concealed pistol pursuant to RCW § 9.41.070 to a person who is not a citizen of the United States. Its website states as follows:

> We are unable to issue alien firearms licenses at this time.
> The Federal Bureau of Investigation (FBI) has told law enforcement agencies it is against federal law to use federal databases for background checks if they share the results with a non-criminal justice agency such as the Department of Licensing. As a result:
> Law enforcement agencies cannot perform the background checks required by state law for issuing an alien firearms licenses.
> We cannot complete the application process or issue alien firearms licenses.
> http://www.dol.wa.gov/business/firearms/faalien.html

23. By email dated August 6, 2008, Bruce W. Tanaka, Firearms Unit Program Manager, Department of Licensing, Business and Professions Division, verified to Plaintiff Coombes that the DOL cannot access FBI criminal history records through local law enforcement and thus would not issue or renew an Alien Firearm License to Mr. Coombes. Mr. Tanaka warned Coombes: "DOL's hands are tied. I would recommend you not be in possession of your weapons when and if your license expires. . . . [I]f charged and convicted of a class C felony, you would never be able to be in possession of a firearm and it's a deportable offense."

24. As a proximate cause of RCW §§ 9.41.170 and 9.41.070, the refusal of the Department of Licensing to issue Alien Firearm Licenses, and the resultant inability of the Chief of Police to issue Concealed Pistol Licenses to non-citizens, Plaintiffs Coombes, Kroes, and Grady, together with other members of Plaintiffs NRA and SAF who are lawful resident aliens, are suffering and will continue to suffer irreparable injury in that they will imminently lose valuable property and will no longer be able to possess firearms for recreational purposes

COMPLAINT – Page 8

Stephen P. Halbrook
Attorney at Law
3925 Chain Bridge Road, Suite 403
Fairfax, VA 22030
Tel. (703) 352-7276 • Fax (703) 359-0938

tj310803 11/4/08

and lawful self defense. In addition, Plaintiff Coombes will suffer further irreparable injury in that he will lose his job.

## COUNT ONE
### (Second and Fourteenth Amendments)

25. Paragraphs 1 through 24 are realleged and incorporated herein by reference.

26. The Second Amendment to the United States Constitution provides in part that "the right of the people to keep and bear Arms, shall not be infringed." The Fourteenth Amendment to the United States Constitution provides in part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." The Second Amendment is applicable to the States and political subdivisions thereof through the Fourteenth Amendment.

27. RCW § 9.41.170(1) provides in part: "It is a class C felony for any person who is not a citizen of the United States to carry or possess any firearm, without first having obtained an alien firearm license from the director of licensing." The denial by defendant Director of Licensing Liz Luce of alien firearm licenses to plaintiffs herein renders this provision of § 9.41.170(1) an infringement on the right of the people, including plaintiffs and other lawful resident aliens, to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution, and is thus null and void.

28. RCW § 9.41.070(1) provides for the issuance by the chief of police of a municipality or the sheriff of a county to any person of a license to carry a pistol concealed on his or her person "for the purposes of protection or while engaged in business, sport, or while

Stephen P. Halbrook
Attorney at Law
3925 Chain Bridge Road, Suite 403
Fairfax, VA 22030
Tel. (703) 352-7276 • Fax (703) 359-0938

traveling." However, § 9.41.070(4) provides: "A person who is not a citizen of the United States shall meet the additional requirements of RCW 9.41.170 and produce proof of compliance with RCW 9.41.170 upon application." The resultant inability of Chief of Police Paul D. Ayers to issue or renew a license to carry a concealed pistol renders § 9.41.070(4) an infringement on the right of the people, including plaintiffs and other lawful resident aliens, to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution, and is thus null and void.

### COUNT TWO
### (Equal Protection)

29. Paragraphs 1 through 28 are realleged and incorporated herein by reference.

30. The Fourteenth Amendment to the United States Constitution provides that no State shall deny to any person the equal protection of the laws. The term "person" encompasses lawfully admitted resident aliens as well as citizens of the United States and entitles both citizens and such aliens to the equal protection of the laws of the State in which they reside.

31. RCW § 9.41.170(1) provides in part: "It is a class C felony for any person who is not a citizen of the United States to carry or possess any firearm, without first having obtained an alien firearm license from the director of licensing." The denial by defendant Director of Licensing Liz Luce of alien firearm licenses to plaintiffs herein renders this provision of § 9.41.170(1) a denial to any person, including plaintiffs, of the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and is thus null and void.

COMPLAINT – Page 10

Stephen P. Halbrook
Attorney at Law
3925 Chain Bridge Road, Suite 403
Fairfax, VA 22030
Tel. (703) 352-7276 • Fax (703) 359-0938

tj310803 11/4/08

32. RCW § 9.41.070(1) provides for the issuance by the chief of police of a municipality or the sheriff of a county to any person of a license to carry a pistol concealed on his or her person for the purposes of protection or while engaged in business, sport, or while traveling." However, § 9.41.070(4) provides: "A person who is not a citizen of the United States shall meet the additional requirements of RCW 9.41.170 and produce proof of compliance with RCW 9.41.170 upon application." The inability of defendant Chief of Police Paul D. Ayers to issue or renew to plaintiffs a license to carry a concealed pistol due to § 9.41.070(4), renders § 9.41.070(4) a denial to any person, including plaintiffs, of the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and is thus null and void.

## COUNT THREE
### (42 U.S.C. §1981(a))

33. Paragraphs 1 through 32 are realleged and incorporated herein by reference.

34. The Civil Rights Act of 1866, 42 U.S.C. §1981(a), provides in part: "All persons within the jurisdiction of the United States shall have the same right in every State . . . to the full and equal benefit of all laws and proceedings for the security of person and property as is enjoyed by white citizens . . . ."

35. As lawfully admitted resident aliens, plaintiffs are "persons" within the meaning of 42 U.S.C. §1981(a).

36. The following provisions of Washington law constitute "laws and proceedings for the security of person and property" within the meaning of 42 U.S.C. §1981(a) which are enjoyed by citizens:

COMPLAINT – Page 11

Stephen P. Halbrook
Attorney at Law
3925 Chain Bridge Road, Suite 403
Fairfax, VA 22030
Tel. (703) 352-7276 • Fax (703) 359-0938

tj310803 11/4/08

1      (a) Wash. Const., Art. I, § 24, which provides: "The right of the individual citizen to

2  bear arms in defense of himself, or the state, shall not be impaired . . . ."

3      (b) RCW § 9.41.070(1), which provides for issuance of a license to any person "to

4  carry a pistol concealed on his or her person within this state for five years from date of issue,

5  for the purposes of protection or while engaged in business, sport, or while traveling . . . ."

6      (c) Such other laws which authorize or do not prohibit the possession of firearms.

7      37. Plaintiffs do not have and are being denied by Defendants the full and equal

8  benefit of all of the above laws and proceedings for the security of person and property as is

9  enjoyed by citizens. RCW § 9.41.170(1) makes it a class C felony for any person who is not a

10 citizen of the United States to carry or possess any firearm without an alien firearm license.

11 However, defendant Director of Licensing Liz Luce refuses to issue such license to plaintiffs.

12 Moreover, RCW § 9.41.070(1) provides for the issuance of a license to carry a concealed

13 pistol, but § 9.41.070(4) prohibits such issuance to a person who is not a citizen of the United

14 States and who has no alien firearm license. Based on this provision, defendant Chief of

15 Police Paul D. Ayers will not issue or renew a license to carry a concealed pistol to plaintiffs.

16     38. Accordingly, RCW § 9.41.170(1) and § 9.41.070(4) as specified above violate 42

17 U.S.C. §1981(a) and are null and void.

18     WHEREFORE, plaintiffs pray that the Court:

19     1. Issue preliminary and permanent injunctions requiring (a) defendant Director of

20 Licensing Liz Luce forthwith to renew or issue alien firearm licenses to each plaintiff

21 pursuant to RCW § 9.41.170, and (b) Chief of Police Paul D. Ayers forthwith to renew or

22

23

COMPLAINT – Page 12

Stephen P. Halbrook
Attorney at Law
3925 Chain Bridge Road, Suite 403
Fairfax, VA 22030
Tel. (703) 352-7276 • Fax (703) 359-0938

tj310803 11/4/08

1. issue licenses to carry a concealed pistol to plaintiff Coombes and such other plaintiffs who apply pursuant to RCW § 9.41.070;

2. In the alternative, enter the following:

    (a) A declaratory judgment that RCW § 9.41.170 and RCW § 9.41.070(4) are null and void because they (i) infringe on the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution; (ii) violate the equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution; and (3) violate the Civil Rights Act, 42 U.S.C. §1981(a); and

    (b) Issue preliminary and permanent injunctions against the defendant State of Washington and its political subdivisions, including all officers, agents, and employees thereof, from enforcement of RCW § 9.41.170 and RCW § 9.41.070(4).

3. Grant such other and further relief as may be proper.

4. Award plaintiffs attorney's fees and costs.

Respectfully Submitted,

National Rifle Association of America, Inc.,
Second Amendment Foundation, Inc.,
Adrian J. Coombes, Roelof Kroes, and Philip Grady,

*/s/ Stephen P. Halbrook*

Stephen P. Halbrook, VA Bar #18075
*Pro Hac Vice*
3925 Chain Bridge Road, Suite 403
Fairfax, VA  22030
Tel. (703) 352-7276
Fax (703) 359-0938
Email: Protell@aol.com

COMPLAINT – Page 13

tj310803 11/4/08

Stephen P. Halbrook
Attorney at Law
3925 Chain Bridge Road, Suite 403
Fairfax, VA 22030
Tel. (703) 352-7276 • Fax (703) 359-0938

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

_Carl J Carlson_
Carl J. Carlson, WSBA #7157
Carlson & Dennett, P.S.
1601 Fifth Avenue, Suite 2150
Seattle, WA 98101
Tel. (206) 621-1320
Fax (206) 621-1151
Email: carl@carlsonlaw.com

Attorneys for Plaintiffs

COMPLAINT – Page 14

tj310803 11/4/08